IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY L. ROBERSON,** | : | No. 3:99cr80 |
| Petitioner | : | No. 3:11cv1856 |
| | : | |
| v. | : | (Judge Munley) |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent | : | |

## **MEMORANDUM & ORDER**

Before the court is Petitioner Gregory Roberson's ("Roberson") second *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 ("Section 2255"). (Doc. 214). Having been briefed, the matter is ripe for disposition. For the reasons that follow, we will deny Roberson's petition because the Court lacks jurisdiction to entertain a second motion under Section 2255 absent certification by the Third Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A); § 2255.

On June 18, 2000, a jury found Roberson guilty of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of cocaine base and cocaine in violation of 21 U.S.C. § 846 and distribution and possession with intent to distribute cocaine base in violations of 21 U.S.C. § 841(a)(1). The Court sentenced Roberson to a term of imprisonment of 360 months, followed by six years supervised release. The Third Circuit Court of Appeals affirmed the conviction on May 14, 2001. Petitioner filed a writ of certiorari with United States Supreme Court, which the Court denied on October 1, 2001.

On August 10, 2004, Roberson filed a *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. 165). Roberson argued that his sentence was illegal under Blakely v. Washington, 542 U.S. 296 (2004) and that his counsel was ineffective

during his trial and direct appeals. The Court denied the motion on January 31, 2005, finding the petition untimely. We also found that Blakely, a case that applied the decision reached in Apprendi v. New Jersey, 530 U.S. 466 (2000) was inapplicable to Roberson's case. (Doc. 176). Roberson applied to the Third Circuit Court of Appeals for a certificate of appealability. On July 27, 2005, the Third Circuit denied Roberson's request. (Doc. 183).

On November 1, 2007, the United States Sentencing Commission amended the Federal Sentencing Guidelines to lower the applicable guideline range for offenses involving "crack cocaine." In December 2007, the United States Sentencing Commission promulgated an amendment, which authorizes a court to reduce a previously imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) in cases involving crack-cocaine offenses where the applicable guideline range has been lowered. On March 10, 2008, Roberson filed a motion to reduce his sentence pursuant to Section 3582(c). (Doc. 201).

On September 29, 2009, the Court found that Roberson did not qualify for a sentence reduction. (Doc. 210). We found him ineligible for relief because the two level reduction in the offense level resulted in the same guideline range of 360 months to life. (Doc. 210). Roberson appealed that decision. (Doc. 211). On January 25, 2010, the Third Circuit affirmed the judgment. (Doc. 212).

Roberson filed the instant motion, his second Section 2255 motion, on October 7, 2011. (Doc. 214). He claims ineffectiveness of counsel during the trial and the appeal. Roberson also contends that the trial court abused its discretion by violating his Fifth and Sixth Amendment rights. Roberson argues that our order denying a sentence reduction under the

amended crack cocaine guidelines created a new judgment that he can challenge through a Section 2255 motion. On December 15, 2011, the Government filed a motion to dismiss Roberson's motion to vacate (Doc. 219), bringing the case to its present posture.

The Government contends that Roberson's motion is not properly before the Court because it is a "second or successive motion" for which Roberson did not obtain permission from the Third Circuit Court of Appeals. We agree and will dismiss Roberson's motion to vacate.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, "[a] second or successive [section 2255] motion must be certified as provided in section 2244 by a panel of appropriate court of appeals . . . ." 28 U.S.C § 2255(h). Section 2244 provides that the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). This provision functions as a "gatekeeping" mechanism. See Felker v. Turpin, 518 U.S. 651, 657 (1996). "Unless the court of appeals grants such permission, the district court may not consider the second or successive petition." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). The district court may only dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.[1] Id.

In the instant case, this motion is Roberson's second under Section 2255 and therefore he was required to obtain certification from the Third

---

[1] Section 1631 states, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . . ." 28 U.S.C. § 1631.

Circuit Court of Appeals before filing.  Because he did not seek permission, this Court lacks jurisdiction over Roberson's claims and the motion will be dismissed.

Under Section 1631, we could transfer the motion to the Third Circuit. We do not find that it is in the interest of justice to transfer this petition. The Court of Appeals already denied Roberson's request for a certificate of appealability based upon his first Section 2255 motion.  (Doc. 183). Roberson raises substantially similar arguments in his second motion. Furthermore, he does not raise any grounds that would permit bringing a second or successive Section 2255 motion.  See 28 U.S.C. § 2255(h). While we decline to transfer, Roberson still may seek leave to file a second or successive motion under Section 2255 by applying to the Third Circuit, if he so desires.  Accordingly:

**AND NOW**, to wit, this 11th day of January 2012, upon consideration of Petitioner Gregory Roberson's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence (Doc. 214), it is HEREBY **ORDERED** that the motion is **DISMISSED**.  We decline to issue a certificate of appealability.  See 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22. The Clerk of Court is directed to **CLOSE** case number 3:11cv1856.

> **BY THE COURT:**
>
> s/ James M. Munley
>
> **JUDGE JAMES M. MUNLEY**
> **United States District Court**