IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : No. 3:99cr80-1
:
v. : (Judge Munley)
:
GREGORY L. ROBERSON :
       Defendant :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Presently before the court is Defendant Gregory L. Roberson's motion seeking either a reduction of his sentence to time served or a resentencing hearing under § 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). (Doc. 236). The government opposes the motion arguing that the defendant is not eligible for relief under the First Step Act because "the Fair Sentencing Act[, Pub. L. No. 111-220, 124 Stat. 2372, 2372 (2010),] did not change the statutory penalties applicable under 21 U.S.C. § 841(b)(1)(C), which the defendant was sentenced under. (Doc. 240, at 6). The matter is briefed and ripe for disposition.

## BACKGROUND

On May 25, 1999, a grand jury in the United States District Court for the Middle District of Pennsylvania returned a twelve-count, superseding indictment against the defendant and others in the instant matter. (Doc. 27). The defendant was named in count one (1), conspiracy to distribute and possess with intent to

distribute in excess of fifty grams of cocaine base (crack) and cocaine in violation of 21 U.S.C. § 846, as well as counts four (4) and eleven (11), distribution and possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). (Doc. 27). At the end of a jury trial, on March 16, 2000, the defendant was found guilty as to counts one (1), four (4), and eleven (11) of the superseding indictment.[1] (Doc. 103). Then, on June 29, 2000, the defendant was sentenced to serve concurrent terms of imprisonment of 360 months followed by six (6) years of supervised release on each count.[2] (Doc. 121). The judgment was affirmed by the United States Court of Appeals for the Third Circuit on May 14, 2001. (Doc. 144).

---

[1] Even though count one (1) of the superseding indictment charged the defendant with conspiracy to distribute and possess with intent to distribute in excess of fifty (50) grams of a controlled substance, no language or question regarding the weight of drugs was submitted to the jury, as it was not required at that time.

[2] Between the defendant's conviction and sentencing, the United States Supreme Court issued a decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490-91 (2000), where the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."
   Thus, because the jury did not determine the amount of drugs applicable to the defendant's offenses, a fact that could dramatically increase the penalty received, the defendant was sentenced under the penalty provisions of 21 U.S.C. § 841(b)(1)(C), which apply regardless of the amount of drugs involved.
   The 240-month maximum sentence available under 21 U.S.C. § 841(b)(1)(C) was increased to 360 months in this case because the defendant was previously convicted of a felony drug offense.

2

In December of 2007, the United States Sentencing Commission enacted an amendment to the sentencing guidelines, which retroactively reduced the offense level for distribution and conspiracy offenses involving cocaine base (crack).  U.S. SENTENCING GUIDELINES MANUAL (U.S. SENTENCING COMM'N 2007). Thereafter, the defendant filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence, which was denied.  (Doc. 201; Doc. 210).  After additional amendments to the sentencing guidelines, the defendant filed another motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence.  (Doc. 230).  On December 2, 2016, we reduced the defendant's term of imprisonment on each count to 324 months to be served concurrently.  (Doc. 234).

On December 21, 2018, Congress enacted the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018), which "permits 'a court that imposed a sentence for a covered offense' to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.'" U.S. v. Washington, No. 07-401, 2019 U.S. Dist. WL 4273862, at *1 (M.D. Pa. Sept. 10, 2019) (quoting the First Step Act § 404, Pub. L. No. 115 -391, 132 Stat. 5194, 5222 (2018).

On August 14, 2019, the defendant filed the present motion under § 404 of the First Step Act (Doc. 236) and brief in support (Doc. 237).  The government

filed its brief in opposition to defendant's motion on September 11, 2019. (Doc. 240). Then, on September 25, 2019, the defendant filed his reply brief (Doc. 241) bringing the case to its present posture.

**LEGAL STANDARD**

Under 18 U.S.C. § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." Here, the defendant relies on § 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) in his quest for either a reduction of his sentence to time served or a resentencing hearing.

To reduce the sentencing disparity between cocaine and cocaine base (crack) users, Congress, through § 2 of the Fair Sentencing Act, Pub. L. 111-220, 124 Stat. 2372 (2010), increased the amount of cocaine base (crack) that subjects criminal defendants to the five-year and ten-year mandatory minimum sentences found within 21 U.S.C. § 841(b)(1)(A)(iii) and 21 U.S.C. § 841(b)(1)(B)(iii). See Fair Sentencing Act, Pub. L. 111-220, 124 Stat. 2372 (2010) (changing "50 grams" to "280 grams" in 21 U.S.C. § 841(b)(1)(A)(iii), and "5 grams" to "28 grams" in 21 U.S.C. § 841(b)(1)(B)(iii)).

Then, in 2018, Congress made § 2 of the Fair Sentencing Act retroactive through § 404 of the First Step Act. First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) (allowing sentencing courts to "impose a reduced

4

sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense ("a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010") was committed).

**DISCUSSION**

The crux of the issue here is whether the defendant's conviction, which subjected him to the penalty provision found in 21 U.S.C. § 841(b)(1)(C), qualifies as a "covered offense" as defined under § 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018). The defendant argues that it does because § 2 of the Fair Sentencing Act modified all the statutory penalties under 21 U.S.C. § 841(b)(1), and he committed the offense before August 3, 2010.[3] The government argues that it does not because 21 U.S.C. § 841(b)(1)(C) was not modified by § 2 of the Fair Sentencing Act. We agree with the government.

Anyone convicted of a drug crime under 21 U.S.C. § 841(a), as well as an attempt or conspiracy to commit such crime is subject to the penalties found under 21 U.S.C. § 841(b)(1). See 21 U.S.C. § 846 ("Any person who attempts or

---

[3] The government does not dispute that the offense was committed before August 3, 2010.

5

conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."). With respect to cocaine base (crack) offenses, the penalties under 21 U.S.C. § 841(b)(1) are divided into three sub-sections: (A)(iii), (B)(iii), and (C). The sub-section applicable to a defendant depends on the amount of cocaine base (crack) included in the charges.

Prior to the enactment of the Fair Sentencing Act, any defendant convicted of a crime under 21 U.S.C. § 841(a) was subject to the penalty provisions of 21 U.S.C. § 841(b)(1)(A)(iii), if the crime involved fifty grams or more of cocaine base (crack), 21 U.S.C. § 841(b)(1)(B)(iii), if the crime involved five grams up to, but not including, fifty grams of cocaine base (crack), or 21 U.S.C. § 841(b)(1)(C), if the crime did not involve a specific amount of cocaine base (crack) or it involved an amount up to, but not including, five grams. 21 U.S.C. § 841(b) (2006) (current version 21 U.S.C. §841(b) (2018)).

Through § 2 of the Fair Sentencing Act, Congress increased the amount of cocaine base (crack) required to subject a defendant to the penalties under 21 U.S.C. § 841(b)(1)(A)(iii) and 21 U.S.C. § 841(b)(1)(B)(iii). See Fair Sentencing Act, Pub. L. 111-220, 124 Stat. 2372 (2010) (changing "50 grams" to "280 grams" in 21 U.S.C. § 841(b)(1)(A)(iii), and "5 grams" to "28 grams" in 21 U.S.C. § 841(b)(1)(B)(iii)). These changes did, in turn, increase the maximum amount of

cocaine base (crack) subject to penalty under 21 U.S.C. § 841(b)(1)(C), but that did not affect anyone originally sentenced under 21 U.S.C. § 841(b)(1)(C). Put simply, any defendant (including the defendant herein) sentenced under 21 U.S.C. § 841(b)(1)(C) prior to the enactment of the Fair Sentencing Act would presently be subject to the exact same statutory penalty of up to 20 years (30 years for defendants previously convicted of a felony drug offense) in prison.

The defendant argues that anyone convicted of an offense involving cocaine base (crack), who was sentenced prior to the enactment of the Fair Sentencing Act, has committed a "covered offense" under the First Step Act. Under the defendant's analysis, every defendant sentenced for the commission of a cocaine base (crack) offense before August 3, 2010, would be eligible for consideration of a reduction in their sentence.  We disagree.  The court finds that any defendant sentenced under 21 U.S.C. § 841(b)(1)(C) before August 3, 2010, for an offense involving cocaine base (crack) has not committed a "covered offense" under the First Step Act, and therefore, the court does not have jurisdiction to modify their sentence under 18 U.S.C. § 3582(c)(1)(B).  United States v. Duggan, 771 F. App'x 261 (4th Cir. 2019) ("The offense for which [the defendant] was convicted and sentenced . . . in violation of 21 U.S.C. § 841(b)(1)(C) - was not modified by section 2 or 3 of the [Fair Sentencing Act of

7

2010]. The district court thus lacked jurisdiction to reduce [the defendant's] sentence under [the First Step Act]." (internal citations omitted)).

**CONCLUSION**

Based on the preceding, the defendant's motion (Doc. 236) seeking either a reduction of his sentence to time served or a resentencing hearing under § 404 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018) shall be denied.  An appropriate order shall issue.

**BY THE COURT:**

**Date: December 9, 2019**            **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**